UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LINDA H. WILLIAMS et al.,
      Plaintiffs,

v.

KIMBERLY SLIGER,
      Defendant.

Case No. 3:26-cv-00159

Judge Aleta A. Trauger
Magistrate Judge Luke A. Evans

## MEMORANDUM ORDER

On February 13, 2026, defendant removed this case from state court. (Doc. No. 1.) The notice of removal included an assertion that defendant "is a volunteer of the Department of Defense, U.S. Army Corps of Engineers, being sued for action undertaken in such role." (*Id.* at 1.) Neither the notice of removal nor the response (Doc. No. 9) to plaintiffs' motion to remand, however, appear to include a certification under 28 U.S.C. § 2679(d)(2) that defendant was acting within the scope of employment at the time of the incident out of which the claim arose. The United States Attorney General can provide the certification, but the authority to certify also has been delegated to the United States Attorney's Office for the district where suit is filed. 28 C.F.R. § 15.4. Certification is significant because it conclusively establishes a federal forum for a case.  *See* 28 U.S.C. § 2679(d)(2) ("This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal."). After certification, a plaintiff still can challenge whether certification was warranted. "Section 2679(d)(2) does not preclude a district court from resubstituting the federal official as defendant for purposes of trial if the court determines, postremoval, that the Attorney General's scope-of-employment certification was incorrect. For purposes of establishing a forum for adjudication, however, § 2679(d)(2) renders the Attorney General's certification dispositive." *Osborn v. Haley*, 549 U.S. 225, 227 (2007); *see*

*also Lyons v. Brandly*, No. 4:03CV1620, 2006 WL 2709792, at *7 (N.D. Ohio Sept. 20, 2006) (finding no immunity for individual federal government employees where the Attorney General did not certify scope of employment).

On or before **May 5, 2026**, defendant either will file a certification from the Attorney General under 28 U.S.C. § 2679(d)(2); or, if the Attorney General refuses, will petition the Court for the certification under 28 U.S.C. § 2679(d)(3).

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge