IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **LYNDA H. WILLIAMS and NASH WILLIAMS,** | ) | |
| **Plaintiffs,** | ) | **Case No. 3:26-cv-00159** |
| **v.** | ) | **Judge Aleta A. Trauger** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

Before the court are the *pro se* plaintiffs' Objections (Doc. No. 16) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 15), which recommends that the plaintiffs' Motion to Remand (Doc. No. 5) be denied and that the Motion to Substitute United States of America for a Named Individual Defendant (Doc. No. 12) be denied as moot. For the reasons set forth herein, the plaintiffs' Objections will be overruled, and the court will accept the R&R, deny the Motion to Remand, and deny as moot the Motion to Substitute.

## I. STANDARD OF REVIEW

Within fourteen days after being served with a report and recommendation as to a dispositive matter,[1] any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly

[1] A motion to remand is a dispositive matter that the district court may refer to a magistrate judge for issuance of a report and recommendation. *Vogel v. U.S. Off. Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001).

objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed, *id.* at 151, so long as the court is "satisf[ied] that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. DISCUSSION

The plaintiffs, Lynda H. Williams and Nash Williams, filed this lawsuit in the Circuit Court for Davidson County, Tennessee on January 7, 2026, naming as the sole defendant Kimberly Sliger. (Doc. No. 1-1, Compl.) They assert state tort claims arising from Sliger's alleged tortious interference with the plaintiffs' contractual and prospective business relationships in connection with a "campground-related contractual relationship" in the fall of 2025. (*Id.* ¶¶ 11, 13, 19, 32.) The United States, on behalf of Sliger, removed the case to this court under 28 U.S.C. §§ 1442(a)(1) and 1446 on the grounds that it is actually an action against an "officer of the United States . . . for an[] act under color of such office." (Doc. No. 1 at 1.) The case was referred to the Magistrate Judge for case management and to propose or recommend disposition of any pretrial motions, under 28 U.S.C. § 636(b)(1). (Doc. No. 4.)

After the plaintiffs filed their Motion to Remand, the Magistrate Judge, *sua sponte*, issued a Memorandum Order directing the defendant either to file a certification from the Attorney General under 28 U.S.C. § 2679(d)(2) or, if the Attorney General refused to make such a certification, to petition the court for certification under 28 U.S.C. § 2679(d)(3). (Doc. No. 11 at 2.) The United States then promptly filed the Declaration of Braden Boucek, the U.S. Attorney for the Middle District of Tennessee, certifying, pursuant to 28 U.S.C. § 2679(d)(2), by the virtue of authority vested in him under 28 C.F.R. § 15.4(a),[2] "that, based on the information available and provided to [him] with respect to the incidents referred [to] in the Summons and Complaint in this action, Sliger was acting within the scope of her federal employment on behalf of the United States

---

[2] This provision expressly authorizes the United States Attorney for the district where the civil action or proceeding "to make the statutory certification [under § 2679(d)(2)] that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose." 28 C.F.R. § 15.4(a).

at the time of the events giving rise to this case." (Doc. No. 13, Boucek Decl. ¶ 2.) On the same day, the United States also filed its Motion to Substitute.

In light of the U.S. Attorney's certification, the R&R recommends that the plaintiffs' Motion to Remand be denied and that the Motion to Certify, by operation of 28 U.S.C. § 2679(d)(2), be denied as moot. (Doc. No. 15 at 6.) The R&R exhaustively explains the governing legal standards that apply in this situation, explaining, first, that any civil action filed in state court, but directed against any officer of the United States, "in an official or individual capacity, for or relating to any act under color of such office," may be removed to federal court. 28 U.S.C. § 1442(a)(1). In addition, a plaintiff bringing claims under the Federal Tort Claims Act ("FTCA") must bring them in federal district court. *Brownback v. King*, 592 U.S. 209, 212 (2021); 28 U.S.C. § 1346(b)(1). The term "employee of the government" includes "persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671.

The FTCA contains a provision that allows the United States to certify the scope of employment for a defendant federal employee under situations like the one here, when a defendant employed by the United States is sued in state court in her own name:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General *shall conclusively establish scope of office or employment for purposes of removal*.

28 U.S.C. § 2679(d)(2) (emphasis added). In other words, in light of this unequivocal language, "once a state tort action has been removed to a federal court after a certification by the Attorney

General, it may never be remanded to the state system." *Osborn v. Haley*, 549 U.S. 225, 242 (2007) (citation omitted); *see also id.* at 243 ("By declaring the Attorney General's certification 'conclusive' as to the federal forum's jurisdiction, Congress has barred a district court from passing the case back to the state court where it originated based on the court's disagreement with the Attorney General's scope-of-employment determination.").

In short, upon certification, the district court is without authority to remand the case back to state court. *Id.* at 241 ("Congress gave district courts no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted."). However, "Section 2679(d)(2) does not preclude a district court from resubstituting the federal official as defendant *for purposes of trial* if the court determines, postremoval, that the Attorney General's scope-of-employment certification was incorrect." *Id.* at 242 (emphasis in original). Even in that event, however, remand is not permitted. *Id.*

On the basis of the unequivocal statutory language and the U.S. Attorney's certification, the Magistrate Judge recommends that the Motion to Remand be denied.[3] The plaintiffs object to that recommendation, first, on the grounds that the R&R "resolves disputed factual issues at the threshold stage and improperly treats the certification as dispositive beyond its limited jurisdictional function." (Doc. No. 16 at 1; *see also id.* at 2.) These objections are overruled. The R&R does not address the merits of the certification and does not "implicit[ly] assum[e] that Defendant Sliger's conduct fell within her federal role" (*id.* at 2); it simply accepts that the certification establishes that jurisdiction in this court is proper, leaving open the question of whether the plaintiffs may subsequently establish that certification was unwarranted and that the

---

[3] The Attorney General's certification should have been filed with the Notice of Removal. The court finds that the fact that it was filed after the Motion to Remand and upon direction by the Magistrate Judge is immaterial to the jurisdictional analysis.

individual defendant should be resubstituted as the defendant for trial purposes. *Osborn*, 549 U.S. at 242. Likewise, the court rejects as misplaced the plaintiffs' argument that the Volunteer Agreement submitted by the United States in support of its Motion to Substitute does not establish the scope of Sliger's employment. The R&R did not decide the scope of Sliger's employment.

The plaintiffs object that the R&R "places undue emphasis on Plaintiffs' prior administrative claim under the FTCA." (Doc. No. 16 at 4.) That objection, too, is overruled. The R&R referenced the administrative claim to provide background. It is the United States' certification that establishes that jurisdiction in this court is proper.

The plaintiffs object that, "[w]hile certification may control removal, it does not foreclose judicial review of whether substitution is appropriate." (*Id.*) Citing *Osborn*, 549 U.S. at 242–44, the plaintiffs contend that the court "retain[s] the authority to examine the factual basis for certification and to deny substitution where the conduct falls outside the scope of employment. (*Id.*) The plaintiffs misread *Osborn*. As the Court explained, the FTCA distinguishes "between removed cases in which the Attorney General issues a scope-of-employment certification, and those in which he does not." *Osborn*, 549 U.S. at 241. In the former, the Attorney General's certification is dispositive of jurisdiction—and the court lacks authority to remand—even if the "certification was unwarranted." *Id.* And, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, . . . the United States *shall be substituted as the party defendant*." 28 U.S.C. § 2679(d)(1). In this situation, substitution is automatic.

On the other hand, when the Attorney General refuses to certify, "the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment." 28 U.S.C. § 2679(d)(3). In that event, the court must consider the

factual basis for certification and, if "the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court." *Id.* But that situation is simply not the case here, because the United States Attorney provided the requisite certification.

Finally, the plaintiffs object that the R&R's recommendation that the United States' Motion to Substitute be denied as moot "highlights" the R&R's error in "treat[ing] substitution as both automatic and procedurally unnecessary, while simultaneously relying on that same substitution to justify denying Plaintiffs' motion to remand." (Doc. No. 16 at 4.) The court does not know what to make of this objection. Again, under § 2679, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, . . . *the United States shall be substituted as the party defendant*." 28 U.S.C. § 2679(d)(1) (emphasis added). In other words, the Motion to Substitute is unnecessary because substitution is automatic "[u]pon certification." *Id.* Insofar as the plaintiffs are continuing to argue that the court must make a determination of whether Sliger's conduct "falls within the scope of employment" either for jurisdictional purposes or before substituting the United States as the defendant, that argument is meritless, for the reasons discussed above. However, at a later stage of this litigation, the plaintiffs may have the opportunity to argue that the certification was unwarranted, as contemplated in *Osborn*.

## III. CONCLUSION AND ORDER

For the reasons set forth herein, the plaintiffs' Objections (Doc. No. 16) are **OVERRULED**, and the R&R (Doc. No. 15) is **ACCEPTED** in its entirety. Accordingly:

(1) The plaintiffs' Motion to Remand (Doc. No. 5) is **DENIED**.

(2) The United States of America, by operation of 28 U.S.C. § 2679(d)(1), is **AUTOMATICALLY SUBSTITUTED** as the defendant in this case, and the Clerk is **DIRECTED** to make that change on the docket.

(3) The United States' Motion to Substitute (Doc. No. 12) is, therefore, **DENIED AS MOOT**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge